# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RICARDO S. GIRON,

       Plaintiff,

     -vs-                                       No. Civ. 06-1044 LH/WDS

ROSEMARY G. ABASCAL, an individual, and
numerous John Does and Jane Does,

       Defendants.

## <u>MEMORANDUM OPINION</u>

    **THIS MATTER** comes before the Court on the United States' and Rosemary Abascal's
Motion to Dismiss (Defendants' Motion to Dismiss) (Docket No. 2),  filed November 8, 2006, and
brought pursuant to Rules 12(b)(1), (2), (5), and (6) of the Federal Rules of Civil Procedure.  After
reviewing the parties' arguments, the Amended Complaint[1] (Docket No. 14), filed February 28, 2007,
and the relevant law, the Court concludes that the Amended Complaint must be dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

    Mr. Giron resides in San Miguel County, New Mexico.  (*See* Am. Compl. 2.)  Attempting to
invoke jurisdiction under the "savings to suitors clause" found in 28 U.S.C. § 1333(1) and 18 U.S.C.
§§ 3, 4, and 1964(a), (c), and alleging violations of 18 U.S.C. §§ 241, 242, 872, 876, 880, 1341,

---

[1]  Plaintiff' has titled this document "Petition, complaint and claim under authority of 18 U.S.C. Section
1964(a) & (c) for violation of 18 U.S.C. Sections 1341, 1957, 1961, and 1962 attempting to collect an unlawful
debt/petition for injunctive and declaratory relief; and violation of 18 USC, [sic] sections 3 & 4 and further violations
of 18 USC [sic] sections 225, 241, 242, 371, 872, 876 880, 1001, 1018, 1581, 1583, 1589, 2381, 2383, 2384."

1581, 1583, 1589, 1961, and 1962, Mr. Giron filed suit in state court against Rosemary Abascal[2] (Revenue Officer Abascal) and various John and Jane Does.  (Notice Removal (Docket No. 1) Ex. A (Compl.)[3] at 1.)

In October 2006, the United States, on behalf of Revenue Officer Abascal and the Doe defendants, filed a Notice of Removal.  The Notice asserts that, because Mr. Giron's suit challenges the actions of IRS agents acting in their official capacities, the United States is the proper defendant, and the federal court has original subject matter jurisdiction by virtue of 28 U.S.C. §§ 1331 and 1346. (*See* Notice Removal 1-2.)  The Defendants then moved for dismissal alleging, *inter alia*, lack of subject matter jurisdiction for any court to grant the relief Mr. Giron requests and failure to state a claim.  Although Mr. Giron did not respond to the Defendants' Motion to Dismiss, he has submitted a Motion for Remand[4] (Docket No. 4), filed November 27, 2006; a Second Motion for Remand[5] (Docket No. 8), filed January 4, 2007; another Second Motion for Remand[6] (Docket No. 9), filed

---

[2]   Ms. Abascal, a Revenue Officer employed by the Internal Revenue Service (IRS) in Santa Fe, New Mexico, was assigned in 2004 to collect tax assessments from Plaintiff Giron.  (Mot. Dismiss Ex. A (Abascal Decl.)  ¶ 2.)

[3]   Mr. Giron titled his original Complaint "Petition, complaint and claim under authority of 18 U.S.C. Section 1964(a) & (c) for violation of 18 U.S.C. Sections 1341, 1957, 1961, and 1962 attempting to collect an unlawful debt/petition for injunctive and declaratory relief; and violation of 18 USC, [sic] sections 3 & 4 and further violations of 18 USC [sic] sections 225, 241, 242, 371, 872, 876 880, 1001, 1018, 1581, 1583, 1589, 2381, 2383, 2384."

[4]   This document's full title is "Motion for Remand of case No. D-412-CV-200600465 back to the 4th Judicial District Court as the United States of America has no *in personam* jurisdiction over Ricardo S. Giron/Counsel Hytken's claim of authority under 28 USC, sections 1441, 1442 and 1446 is a frivolous nullity meant solely to obstruct justice/sections 1441, 1442 and 1446 have jurisdiction only for actions filed in the Superior Court of the District of Columbia in the District of Columbia, 28 USC, section 1451 /28 USC, 1333(1) saving to suitors clause provides specific remedy in all cases outside of admiralty or maritime jurisdiction/the U.S. Department of Justice suffers from want of subject matter jurisdiction."

[5]   The title of this document is the same as that of Docket No. 4, except that it is preceded by the word "Second."

[6]   This content of this document is identical to that of Docket No. 8, except for an apparent correction to a statute citation on page 7.

January 26, 2007, with corrected page 7; a Motion to Dismiss (Docket No. 10), filed January 25, 2007, which seeks dismissal of Defendants' counsel for "imposing a fraud upon the court, violation of her Attorney's Oath and violation of her Oath of Office" (Mot. Dismiss 1); an Amended Second Motion for Remand[7] (Docket No. 11), filed February 5, 2007; an Amended Motion to Dismiss (Docket No. 12), filed February 5, 2007; and Giron's Motion to Strike the United States Opposition to Giron's Motion to Dismiss Government Counsel (Docket No. 15), filed February 28, 2007.

Mr. Giron also filed his Amended Complaint on February 28, 2007, in which he has added Louise P. Hytken, Defendants' counsel, as a named defendant and alleged additional violations of Title 18 of the United States Code: §§ 225, 371, 1001, 1018, 2381, 2383, and 2384.  (*See* Am. Compl. 1.)  As Defendants had not filed a responsive pleading,[8] Plaintiff had the right to amend his Complaint, as a matter of course, pursuant to FED. R. CIV. P. 15(a).[9]  The Amended Complaint, then, becomes the operative pleading for purposes of resolving Defendants' Motion to Dismiss.  *See, e.g., Milsap v. U-Haul Truck Rental Co.*, No. CIV 06-0209 PHX RCB, 2006 WL 3797731, at *1 (D. Ariz. Dec. 20, 2006).

Repeating verbatim the language in his original Complaint, Plaintiff attempts to invoke the jurisdiction, again of the Fourth Judicial District Court of the State of New Mexico, under the "Savings to suitors clause, per 28 U.S.C.A. section 1333(1)."  (Am. Compl. 1.)  In addition to the

---

[7]   The title of this document is the same as those of Docket Nos. 8 and 9, except that it is preceded by the word "Amended."

[8]   Rule 7(a) provides an exhaustive list of "pleadings": "a complaint, an answer, a reply to a counterclaim denominated as such, an answer to a cross-claim, a third-party complaint, and a third-party answer. 'No other pleading shall be allowed.'"  *Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 370 (10th Cir. 1989)(quoting FED. R. CIV. P. 7(a)).

[9]   Rule 15(a) provides in relevant part that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ."  FED. R. CIV. P. 15(a).

statutory provisions cited in original Complaint, *see supra* p. 1, he also references sections 1957, 225, 371, 1001, 1018, 2381, 2383, and 2384 of Title 18.  Mr. Giron alleges that the Defendants operate from an office on Rodeo Park Drive in Santa Fe, New Mexico, and are members of "a[ racketeering] association . . . [that uses] extortionate and fraudulent means including mail fraud" to allege that "targets" such as Mr. Giron "are indebted to . . . Abascal."  (*Id.* at 1-3.)  Mr. Giron claims that these "debts" are "tax debts" that he does not owe because (i) Form 1040 is voluntary; (ii) no public law enacted by Congress requires any American citizen to file a 1040; (iii) if an American citizen files a 1040, it creates a presumption that the "citizen is a foreigner, a Virgin Islands resident," and (iv) "Congress cannot mandate an American citizen to commit a fraud."  (*Id.* at  3-4.)  He asserts that Form 1040 does not comply with the Paperwork Reduction Act because it does not "display a current OMB control number, an expiration date" and other information, and that, therefore, 44 U.S.C. § 3512 precludes the government from making him subject to a penalty for not filing a 1040.  (*Id.* at 4.)  He contends that Revenue Officer Abascal's "demand" that he file a Form 1040 is "an extortion demand much the same as a Mafia Don extorting protection fees from businesses in New York City." (*Id.*)

        Mr. Giron states that, when a citizen does not file a form 1040, the IRS files a Substitute for Return and issues a notice of deficiency.  (*Id.*)  He complains that Defendants Does fraudulently filed a "dummy return" on his behalf, contending that the authority for preparing these forms is only for "non-filing business taxpayers."  (*See id.* at  5.)  He claims that the Defendants did not use the proper procedures or forms to assess taxes against him.  (*See id.* at 5-6.)  Therefore, he contends, the Federal Tax Liens and Notices of Levy issued against him, which Revenue Officer Abascal is attempting to

enforce, are not valid and "all forms and all demands for money amount to nothing more than an extortion demand from a Mafia enforcer parading as a Revenue Agent for the IRS." (*Id.* at 6.)

Mr. Giron claims that Revenue Officer Abascal sent a Notice of Levy to his previous employer "in her fraudulent attempt to 'find the money,'" but that she failed to use the proper form. (*Id.* at 6-7.) He claims that she is therefore acting "outside of all law" and is a "rogue agent" interested in personal gain. (*Id.* at 8.) He contends that, by mailing documents to him on ten different occasions in August 2004, June 2005, and October 2005, Revenue Officer Abascal violated 18 U.S.C. §§ 3, 4, 225, 241, 242, 872, 876, 880, 1018, 1341, 1581, 1583, 1589, 1957, and 1962. (*Id.* at 15-18.) He further contends that, on September 13, 2006, Revenue Officer Abascal criminally trespassed on his property and "uttered verbal threats to seize property," implying "physical injury and death." (*Id.* at 18-19.) Mr. Giron seeks an order requiring Revenue Officer Abascal "to cease and desist the harassment" and requests a jury trial for damages,[10] or, in the alternative, requests that the Court "order the dissolution of . . . Abascal and all racketeering enterprises collateral to . . . Abascal under the authority of 18 U.S.C. § 1964(a)." (*Id.* at 22.)

With respect to newly named Defendant Hytken, Mr. Giron has appended seven pages under the heading "Memorandum of Law,"[11] in which he alleges she violated 18 U.S.C. §§ 4, 371, 1001,

---

[10] Mr. Giron seeks damages ranging from $3,147.00 to $1,019,751.42 for ten "Predicate Act[s]" which allegedly violate the various statutes previously listed and for an amount to be determined by a jury on the charge of criminal trespass. (Am. Compl. 15-18.)

[11] The complete title of this section is "Memorandum of Law that due process of law is an integral and fundamental part of the court system. The concept of "due process of law" is embodied in its entirety in the Constitution of the united [sic] States and particularly the Fifth Amendment. Above all else, "due process of law" means fundamental fairness and substantial justice. Presumptive conclusions have no place in the due process of law and in fact, are repugnant to the principle of due process of law clause of the organic Constitution of the united [sic] States." *Id.* at 9. It includes subsections titled "The legal system," "The extralegal system," and "Verification of sham legal process festering in the federal court system [-] See attached exhibit M for a sampling of court cases proving the sham legal process." (*Id.* at 12, 13.) The Amended Complaint also includes a "Declaration of Truth" (*id.* at 19-22), two pages of case numbers from various federal courts (*id.*, Ex. M), and a copy of *Hooven & Allison Co. v. Evatt*, 324

1503, 2381, 2383, and 2384 by filing the United States Opposition to Giron's Motion to Dismiss Government Counsel in this matter (U.S. Opp'n (Docket No. 13)) and in *Giron v. Abascal*, Civ. 06-1070 LH/RHS.  (Am. Compl. 9-15.)  According to Mr. Giron, mention in this response that the United States would "soon be filing a motion for injunctive relief to require that Giron obtain permission from the Court pre-approving his filing of future cases and pleadings" (U.S. Opp'n 1-2), "is a criminal act and requires this court to report this crime to a higher civilian authority or in the alternative, to report this crime to military authorities for the immediate arrest and charging of putative Counsel Hytken with Seditious Conspiracy, Insurrection and Treason" (Am. Compl. 9).

In a declaration attached to the government's Motion to Dismiss, Revenue Officer Abascal swore that, after Mr. Giron failed to file tax returns since 1999, the IRS made assessments based on substitutes for returns and she was assigned to collect the tax assessments. (Defs'. Mot. Dismiss, Ex. 1 (Abascal Decl.) at 1.)  She swore that a Notice of Federal tax lien was filed and certified letters were sent to Mr. Giron, but that he responded that they were "refused for fraud."  (*Id.*)  Although Mr. Giron filed a request for a hearing on the IRS's intent to levy, he did not appear for the telephone conference.  (*Id.* at 2.)  The determination to levy was sustained and Revenue Officer Abascal began the process of enforcing the levy.  (*See id.*)  When she met Mr. Giron at one of his properties she was investigating, Mr. Giron stated he would sue her and others in the IRS.  (*Id.* at 3.)  Mr. Giron filed a criminal complaint against her in state court for trespass, which was dismissed, and filed two state-court civil complaints against her, including this case.[12]  (*Id.*)  Defendant Abascal contends that "all

_____

U.S. 652 (1945) (*id.*, Ex. Z).

[12]    The other case also was removed to this Court.  *See Giron v. Abascal*, Civ. 06-1070 LH/RHS.  Mr. Giron subsequently filed another action in state court, which too was removed to federal court.  *See Giron v. Abascal*, Civ. 07-0110 JCH/ACT.

actions taken by me in connection with Mr. Giron have been pursuant to my official duties as a Revenue Officer of the Internal Revenue Service." (*Id.* at 4.)

## STANDARD OF REVIEW

In reviewing a *pro se* complaint, a court applies the same legal standards applicable to pleadings counsel has drafted, but is mindful that the complaint must be liberally construed. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "The broad reading of the plaintiff's complaint [, however,] does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

> [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Id.* (citations omitted).

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court applies the following standard:

> [A]ll well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party. It is true that dismissal under Rule 12(b)(6) is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice. It is also well established that dismissal of a complaint is proper only if it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.

*Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006) (internal quotation marks and citations omitted).

Rule 12(b)(1) motions to dismiss for lack of jurisdiction, on the other hand, generally

> take one of two forms: (1) facial attacks; and (2) factual attacks. Under a facial attack, the movant merely challenges the sufficiency of the complaint, requiring the district court to accept the allegations in the complaint as true. In a factual attack . . . the movant goes beyond the allegations in the complaint and challenges the facts upon which subject matter jurisdiction depends. In such a situation, the court must look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence under Rule 12(b)(1).

*Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005) (citations omitted). Here, the Defendants supplement the facts upon which subject matter jurisdiction depends. The Court has considered Revenue Officer Abascal's declaration when resolving the 12(b)(1) part of the Motion to Dismiss, noting that Mr. Giron has not challenged any of her supplemental factual averments.

Under the Local Rules, Mr. Giron's failure to file and serve any response in opposition to the Defendants' Motion to Dismiss constitutes his consent to the granting of the Motion. *See* D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."); D.N.M.LR-Civ. 7.6(a) ("A response must be served within fourteen (14) calendar days after service of the motion."). But because Mr. Giron is proceeding *pro se*, the Court has also carefully reviewed the Defendants' Motion on the merits.

## ANALYSIS

As an initial matter, the Court must address the effect of Plaintiff's Amended Complaint on Defendants' Motion to Dismiss. As an amended complaint supersedes the original, "in some instances" it also may moot a motion to dismiss. *Milsap*, 2006 WL 3797731, at *2 (quoting *Robinson v. California*, No. CIVS041888GEBDADPS, 2005 WL 1561524, at *1 (E.D. Cal. June 29, 2005)). In this matter, however, the Court declines to so find, because Plaintiff's Amended

8

Complaint in no way "cure[s] the deficiencies" detailed in Defendants' Motion to Dismiss and to require Defendants to file a new motion would be a waste of resources. *See id.* (quoting *Robinson*, 2005 WL 1561524, at *1). Thus, the Court will proceed, considering Defendants' Motion as directed at the Amended Complaint. *See id.* (quoting *Robinson*, 2005 WL 1561524, at *1 (citing Schwarzer, Tashima and Wagstaffe, *Federal Procedure Before Trial*, ¶ 9:262 (The Rutter Group 2004))).

It is clear from reading Mr. Giron's Amended Complaint and Revenue Officer Abascal's Declaration that Mr. Giron is seeking an order barring her and other IRS agents from attempting to enforce tax liens and levies; is challenging the validity of the liens and levies; and is seeking damages from Revenue Officer Abascal for having enforced the levies, conducted investigations, and issued tax documents and letters.

**A.  Subject Matter Jurisdiction and the Anti-Injunction Act.**

With few exceptions which are not applicable here, the Anti-Injunction Act prohibits suits in *any* court for the purpose of restraining the assessment or collection of *any* federal tax. *See* 26 U.S.C. § 7421(a) ("no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person"). Mr. Giron alleges no facts that would bring his situation under any of the statutory exceptions.

Even though Mr. Giron cites violation of other federal statutes, if a suit falls within the ambit of the Anti-Injunction Act and no exception applies, the Court must dismiss the suit for lack of subject matter jurisdiction. *See Ambort v. United States*, 392 F.3d 1138 (10th Cir. 2004); *Lonsdale v. United States*, 919 F.2d 1440, 1442 (10th Cir. 1990)(noting that, although the suit was brought as a quiet-title action, it actually challenged the assessment of taxes on various grounds and therefore was barred by the Anti-Injunction Act). The same principle applies even if Mr. Giron's case had

remained in state court, so remand to state court is not proper.  *See Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 5 (1962) ("The object of § 7421(a) is to withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes.")

Mr. Giron is not left, however, without judicial recourse.  An individual may "from year to year . . . pay the tax that the law purported to require, file for a refund and, if denied, present his claims of invalidity, constitutional or otherwise, to the courts."  *Cheek v. United States*, 498 U.S. 192, 206 (1991) (citing 26 U.S.C. § 7422).   Additionally, if Mr. Giron wished to challenge a levy on his property, he could have appeared at the hearing and then appealed the determination affirming the levy by filing a timely petition with the Tax Court.  *See* 26 U.S.C. § 6330(d)(1).  The Court must dismiss Mr. Giron's suit for injunctive relief for lack of subject matter jurisdiction.

**B.  Claim for Damages.**

Mr. Giron has not stated a claim for which relief may be granted against Revenue Officer Abascal, any other agent/employee of the IRS, or Attorney Hytken under the circumstances alleged in his Amended Complaint.  As the Tenth Circuit explained in *Atkinson v. O'Neill*,

> [w]hen an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States. . . .
>
> It is well settled that the United States and its employees, sued in their official capacities, are immune from suit, unless sovereign immunity has been waived.

867 F.2d 589, 590 (10th Cir.1989).  In another case involving a tax protest, the Tenth Circuit stated, "[s]uch a waiver of sovereign immunity must be strictly construed in favor of the sovereign and may not be extended beyond the explicit language of the statute. . . . A waiver of sovereign immunity cannot be implied, but must be explicitly expressed."  *Fostvedt v. United States*, 978 F.2d 1201, 1202

(1992).  Mr. Giron has not identified any waiver of sovereign immunity applicable to this case, and the Court is not aware of any.  *See Lonsdale*, 919 F.2d at 1443-44.  Revenue Officer Abascal and the Doe defendants are immune from suit for their official acts.  Additionally, Plaintiff's patently frivolous claims against Attorney Hytken are completely without merit and will be dismissed.

Further, "in light of the comprehensive administrative scheme created by Congress to resolve tax-related disputes, individual agents of the IRS are also not subject to *Bivens* actions."  *Dahn v. United States*, 127 F.3d 1249, 1254 (10th Cir. 1997).  For these reasons, Mr. Giron cannot state a claim for damages against Revenue Officer Abascal and other unidentified agents acting in their official capacities, which arise out of their efforts to collect taxes

In addition, the Tenth Circuit has repeatedly rejected frivolous arguments, like those asserted by Mr. Giron, regarding the alleged invalidity of the taxation system:

> As the cited cases, as well as many others, have made abundantly clear, the following arguments . . . are completely lacking in legal merit and patently frivolous: (1) individuals ("free born, white, preamble, sovereign, natural, individual common law 'de jure' citizens of a state, etc.") are not "persons" subject to taxation under the Internal Revenue code; (2) the authority of the United States is confined to the District of Columbia; (3) the income tax is a direct tax which is invalid absent apportionment, and *Pollock v. Farmers' Loan & Trust Co.*, 157 U.S. 429, 15 S.Ct. 673, 39 L.Ed. 759, *modified*, 158 U.S. 601, 15 S.Ct. 912, 39 L.Ed. 1108 (1895), is authority for that and other arguments against the government's power to impose income taxes on individuals; (4) the Sixteenth Amendment to the Constitution is either invalid or applies only to corporations; (5) wages are not income; (6) the income tax is voluntary; (7) no statutory authority exists for imposing an income tax on individuals; (8) the term "income" as used in the tax statutes is unconstitutionally vague and indefinite; (9) individuals are not required to file tax returns fully reporting their income; and (10) the Anti-Injunction Act is invalid.
>
> To this short list of rejected tax protester arguments we now add as equally meritless the additional arguments made herein that (1) the Commissioner of Internal Revenue and employees of the Internal Revenue Service have no power or authority to administer the Internal Revenue laws, including power to issue summons, liens and levies, because of invalid or nonexistent delegations of authority, lack of publication of delegations of authority in the Federal Register, violations of the Paperwork

Reduction Act, and violations of the Administrative Procedure Act, including the Freedom of Information Act; and (2) tax forms, including 1040, 1040A, 1040EZ and other reporting forms, are invalid because they have not been published in the Federal Register.

*Lonsdale*, 919 F.2d at 1448.

The Court reminds Mr. Giron that an individual who "refuse[s] to utilize the mechanisms provided by Congress to present his claims of invalidity to the courts and to abide by their decisions" risks criminal prosecution. *Cheek*, 498 U.S. at 206; *see Ambort*, 392 F.3d at 1139 (noting that individual who conducted seminars instructing attendees that they could legally claim not to be residents of the United States and therefore be exempt from paying income taxes had been convicted of assisting in the preparation of false returns). An individual who continues to file suits and make frivolous arguments in an attempt to evade or thwart tax-collection efforts is also subject to monetary sanctions. *See* FED. R. CIV. P. 11(b)(2) (authorizing the district courts to award sanctions against a party who files a pleading, motion or other paper that is not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law"); *Smith v. C.I.R.*, 160 Fed. Appx. 666, 670 (10th Cir. 2005) (imposing $6,000 in sanctions against tax protestor for "blatant waste of judicial time and resources"); *Le Doux v. C.I.R.*, 102 Fed. Appx. 641, 643 (10th Cir. 2004) (noting that § 6673 of the Internal Revenue Code "authorizes the Tax Court to impose a penalty not to exceed $25,000 on a taxpayer when it appears that he or she instituted a proceeding primarily for delay" or when the protestor's "position in such proceeding is frivolous or groundless;" holding that protestor's "primary arguments in this matter-- that IRS employees may not enforce tax laws, and that [protestor] is not subject to income tax--are completely lacking in merit;" and affirming $5,000 sanction against tax protestor); *Lonsdale*, 919 F.2d at 1448 (imposing sanctions, including awarding double costs, against tax protestor who raised

frivolous arguments in his complaint filed in district court); *Casper v. C.I.R.*, 805 F.2d 902, 905-06 (10th Cir. 1986) (affirming Tax Court's award against protestor of $5,000 for filing and maintaining a factually groundless and legally frivolous complaint and imposing additional sanction of $1,500 for filing frivolous appeal).

Finally, the Court notes that Mr. Giron's filings are replete with profane language and personal attacks on Revenue Officer Abascal, Defense Counsel, and even the Court itself. Any future documents containing such language will be stricken, pursuant to FED. R. CIV. P. 12(f), and may be grounds for the imposition of sanctions on Plaintiff under FED. R. CIV. P. 11.

An Order in accordance with this Memorandum Opinion shall be entered contemporaneously.

SENIOR UNITED STATES DISTRICT JUDGE